UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALVIN HOWARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:05CV1333 HEA |
| MISSOURI BONE AND JOINT CENTER, INC., | ) ) ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law and/or in the Alternative, Motion for New Trial, [Doc. No. 65]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is denied.

## Facts and Background

This matter was tried before a jury from March 23, 2009 through March 26, 2009. The jury returned its verdict in favor of Plaintiff. Defendant now moves for a judgment as a matter of law or alternatively, a new trial.

## Standard for Considering Post-Trial Motions

Defendant's Motion was filed under Federal Rules of Civil Procedure 50 and 59.

**Motion for Judgment as a Matter of Law**

(a) Judgment as a Matter of Law.

(1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

>(A) resolve the issue against the party; and
>(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgmen

(b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 10 days after the entry of judgment-or if the motion addresses a jury issue not decided by a verdict, no later than 10 days after the jury was discharged-the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:

>(1) allow judgment on the verdict, if the jury returned a verdict;
>
>(2) order a new trial; or
>
>(3) direct the entry of judgment as a matter of law.

**Fed.R.Civ.P. 50(a) & (b)**.

In considering a motion or renewed motion for judgment as a matter of law filed under Rule 50, the court must "decide the record contains evidence sufficient to support the jury's verdict." *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 863 (8th Cir.2004). In doing so, the court "'must examine the sufficiency of the evidence in the light most favorable to [the prevailing party] and view all inferences in [his] favor.'" *Id*. (quoting *Racicky v. Farmland Indus., Inc.*, 328 F.3d 389, 393 (8th Cir.2003)). "Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining [the prevailing party's] position ." *Id*. See *Foster v. Time Warner Ent. Co.*, 250 F.3d 1189, 1194 (8th Cir.2001) ("Judgment as a matter of law is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." Internal quotation marks, citation omitted.); *Littleton v. McNeely,* 562 F.3d 880, 885 (8th Cir. 2009)(same).

On a motion for judgment as a matter of law, the Court must give "great deference to the jury's verdict." *Heaton v. The Weitz Co ., Inc*., 534 F.3d 882, 889 (8th Cir.2008) (citation omitted). The nonmoving party receives the benefit of all inferences which can be drawn without resort to speculation. *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 401 F.3d 901, 908-09 (8th Cir.2005). The court

must:

> consider the evidence in the light most favorable to the jury verdict. Specifically, we assume all conflicts in the evidence were resolved in [Defendant's] favor, assume [Defendant] proved all facts that [his] evidence tended to prove, and give [Defendant] the benefit of all favorable inferences that reasonably may be drawn from the proven facts.

*Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.*, 528 F .3d 1001, 1009 (8th Cir.2008) (citations omitted).

**Motions for New Trial**

Rule 59(a), which provides, in pertinent part, "The court may, on motion, grant a new trial on all or some of the issues-and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). Rule 59(a) has been explained as follows: In evaluating a motion for a new trial pursuant to Rule 59(a), "[t]he key question is whether a new trial should [be] granted to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir.1994). A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992). However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. **Fed.R.Civ.P. 61.**

"In determining whether or not to grant a new trial, a district judge is not free

to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir.1992) (citing *White*, 961 F.2d at 780). "[T]he 'trial judge may not usurp the function of a jury ... [which] weighs the evidence and credibility of witnesses.'" *White*, 961 F.2d at 780 (quoting *McGee v. S. Pemiscot Sch. Dist.*, 712 F.2d 339, 344 (8th Cir.1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." *King*, 980 F.2d at 1237.

"The authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36(1980). On the issue of damages, the propriety of the amount of a verdict "is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of witnesses and which knows the community and its standards....'" *Wilmington*, 793 F.2d at 922 (quoting *Solomon Dehydrating Co. v.. Guyton*, 294 F.2d 439, 447-48 (8th Cir.1961)). "[T]he assessment of damages is especially within the jury's sound discretion when the jury must determine how to compensate an individual for an injury not easily calculable in economic terms." *Stafford v. Neurological Med., Inc.*, 811 F.2d 470, 475 (8th

Cir.1987); see also *EEOC v. Convergys Customer Mgmt. Group, Inc.*, 491 F.3d 790, 798 (8th Cir.2007) (same).

A movant may not use a motion for a new trial "to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment." *Parton v. White*, 203 F.3d 552 (8th Cir.2000) (citation omitted); *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). The movant must "specifically identify the alleged erroneous ruling and the improperly excluded evidence." *Moses.com Sec. Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1059 (8th Cir.2005) (citations and internal quotations omitted).

## **Discussion**

Defendant argues that Plaintiff failed to establish a legally sufficient evidentiary basis for causation on the two submissions that Mr. Templin was negligent for continuing the workout after Plaintiff reported injury. Defendant also argues that there was a lack of legally sufficient evidentiary basis for the elements of the standard of care and causation on the third submission that Mr. Templin failed to conduct a proper evaluation of Plaintiff.

Plaintiff presented testimony for the jury's consideration through his treating physician, Dr. Bailey. Dr. Bailey linked Plaintiff's symptoms after continuing to lift

at the direction of Mr. Templin, to the herniated disc suffered by Plaintiff. As Plaintiff points out, Defendant's retained expert did not testify to the contrary. The evidence presented at trial was sufficient for the jury's verdict. Defendant's insistence the evidence was speculation is not supported by the record. Plaintiff's treating physician testified as to his opinion regarding the causal relationship between the continued workout and Plaintiff's injury. Defendant's insistence on more specific testimony is without merit. The record establishes that testimony was presented to connect the injury to the actions of Defendant's employee. Additionally, there was testimony that Mr. Templin failed to ascertain when Plaintiff last worked out, failed to complete Plaintiff's evaluation and failed to terminate the workout after Plaintiff complained of back pain. The jury was given the charge to evaluate all of the evidence and render its decision based on the evidence presented. This Court cannot interfere with the jury's finding of causation.

Defendant extensively argues that it is entitled to judgment or a new trial based on the instruction that was given to the jury regarding the "continuation" of his workout, while the medical opinion evidence was that Plaintiff sustained a herniated disc "during" his workout. Defendant's argument is unavailing. "During" encompasses "continued." The injury which occurred "during" the workout necessarily includes the "continuation" thereof, especially taken within the context of

the evidence and all the other instructions taken together.

## Conclusion

Defendant has not established that the evidence is insufficient to support the jury's verdict, nor has it established that the record is fraught with such error that a manifest injustice has resulted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment as a Matter of Law or in the Alternative, for New Trial, [Doc. No.65], is **DENIED**.

Dated this 17th day of July, 2009.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE