UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALVIN HOWARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MISSOURI BONE AND JOINT )<br>CENTER, INC., )<br>)<br>Defendant. )<br>)<br>and )<br>)<br>ALVIN HOWARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MISSOURI BONE AND JOINT )<br>CENTER, INC., et al., )<br>)<br>Defendants. ) | Case No. 4:05CV1333 HEA<br><br><br><br><br><br><br><br>Case No. 4:10CV13 CAS |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Consolidate, Dismiss, [Doc. No. 92] and Intervenor's Motion to Dismiss Plaintiff's Motion to Consolidate, [Doc. No. 95]. For the reasons set forth below, the Motion to Consolidate is denied and the Motion to Dismiss is denied, as moot.

Case Number 4:05CV1333HEA was on August 24, 2005. Beginning on March 23, 2009 through March 26, 2009, this matter was tried before a jury. A verdict was rendered in favor of Plaintiff, and Judgement was entered that same date in favor of Plaintiff and against Defendant, Missouri Bone and Joint Center, Inc. in the amount of $175,000.00. Defendant appealed the Judgment, but did not post an appeal bond. The appeal in this matter is still pending.

On January 6, 2010, Plaintiff filed Case Number 4:10CV13CAS against Defendants Missouri Bone and Joint Center, Inc., Leo Whiteside and Patricia Whiteside, Individually and as Trustee of the Patricia Whiteside Revocable Trust dated December 20, 1987, seeking a declaratory judgment and a remedy under the Missouri Uniform Fraudulent Transfer Act in an effort to collect the judgment rendered in Case Number 4:05CV1333HEA. Plaintiff now seeks to consolidate the two actions.

Under Rule 42(a) of the Federal Rules of Civil Procedure, actions may be consolidated as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Court agrees with Intervenor that consolidation of these cases is

inappropriate. The Court is at a loss as to how consolidation will tend to avoid unnecessary costs and economize the resources of the Court; there is nothing pending before the Court in Case Number 4:05CV1333HEA. Thus, there are no considerations of avoiding costs or conserving resources as they relate to the older case. Additionally, Case Number 4:05CV133HEA is a closed case, signifying in all respects pertinent herein that this Court's jurisdiction over the matter no longer exists. Moreover, these cases do not involve the same underlying facts nor are the parties the same in both cases.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Consolidate, [Doc. No. 92], is denied.

**IT IS FURTHER ORDERED** that Intervenor's Motion to Dismiss Plaintiff's Motion to Consolidate, [Doc. No. 95], is denied as moot.

Dated this 17th day of February, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE